# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Nigeria Lee Harvey, | Case No. 19-cv-3194 (PAM/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota | |
| Respondent. | |

Nigeria Lee Harvey, OID # 219949, MCF Stillwater, 970 Pickett Street North, Bayport, MN 55003 (pro se Petitioner); and

Jonathan P. Schmidt, Assistant Hennepin County Attorney, Hennepin County Government Center, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487 (for Respondent).

This matter is before the Court, U.S. Magistrate Judge Tony N. Leung, on a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Pet., ECF No. 1). This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, under 28 U.S.C. § 636 and Local Rule 72.2(b). Based on all the files, records, and proceedings herein, and for the reasons set forth below, this Court recommends that the petition be denied and dismissed with prejudice.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

Petitioner Nigeria Lee Harvey was convicted of premeditated first-degree murder and attempted first-degree murder following a July 2015 shooting. *State v. Harvey*, 932

N.W.2d 792, 797 (Minn. 2019). As part of their investigation into the shooting, law enforcement obtained Petitioner's cell phone records, including cell-site location information ("CSLI"). *Id*. Law enforcement also conducted a drive test using a Gladiator Autonomous Receiver ("GAR") to determine the limits of the cell tower and sector that phone records showed Harvey's phone accessed at the time of the shooting. *Id*. Petitioner moved to suppress the CSLI evidence, arguing, as relevant here, that it was collected in violation of his Fourth Amendment rights. *Id*. at 798. He also challenged whether the GAR drive-test evidence was admissible under Minnesota Rule of Evidence 702. *Id*. The state trial court denied both motions.

### A. Petitioner's Direct Appeal

Petitioner, through counsel, appealed to the Minnesota Supreme Court. He argued that the CSLI collection violated his Fourth Amendment rights. *Id*. at 804. He also argued, in a supplemental pro se brief, that trial counsel was constitutionally ineffective for failing to "effectively argue that the State's failure to obtain a valid warrant precluded the admission of the CSLI evidence." *Id*. at 818. He also argued that the State committed prosecutorial misconduct by obtaining CSLI evidence without a warrant and by eliciting expert testimony regarding the GAR drive-test evidence. *Id*.[1] The Minnesota Supreme Court rejected each of those arguments and affirmed Petitioner's conviction. *Id*. In doing so, the Minnesota Supreme Court declined to address the admissibility of the GAR drive-test evidence, instead noting that even if that evidence was improperly admitted, its

---

[1] Petitioner also challenged the admissibility of the CSLI evidence under Minnesota Rule of Evidence 702 in his direct appeal but does not appear to challenge that decision in this Petition.

admission was harmless in large part because other evidence, including the CSLI, established Petitioner's location at the time of the shootings. *Id*. at 810.

### B. Federal Habeas Petition

Petitioner now seeks habeas relief on several grounds. (ECF No. 1). First, he argues that his Fourth Amendment rights were violated by the use of phone evidence, which appears to be a reference to the CSLI. Second, he argues that trial counsel was constitutionally ineffective for failing to obtain an order suppressing the phone evidence. Third, he argues that trial counsel was constitutionally ineffective for failing "to raise the fact that the prosecutors committed serious prosecutorial misconduct" by "presenting inadmissible, illegal, and prejudicial evidence." (*Id*., p. 8). Finally, Petitioner notes that the prosecutorial misconduct violated his Fourteenth Amendment rights.[2] Respondent answered the Petition on February 6, 2020. Petitioner filed a reply brief on February 21, 2020.

## II.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 governs a federal court's review of habeas corpus petitions filed by state prisoners. Section 2254 is used by state prisoners alleging they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant habeas corpus relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable

---

[2] In his memorandum of law, Petitioner indicated he was also raising an ineffective assistance of appellate counsel claim. Petitioner withdrew that claim after the Court questioned whether it had been exhausted. (ECF No. 18).

application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law only "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). "An 'unreasonable application' of Supreme Court precedent occurs when a state court correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context." *Munt v. Grandlienard*, 829 F.3d 610, 614 (8th Cir. 2016) (citing *Williams*, 529 U.S. at 407). "In other words, it is not enough . . . to conclude that, in [the court's] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

Petitioner first argues that his Fourth Amendment right to be free from unreasonable search and seizures was violated when the "phone evidence" was used at his indictment, probable cause hearing, and trial. (ECF No. 1, p. 5). But when a state court provides the opportunity for a full and fair litigation of a person's Fourth Amendment claim, then habeas relief is unavailable to the Petitioner, even if a factual or legal error occurred during those

proceedings. *Travis v. Norris*, 306 Fed. App'x 334, 335 (8th Cir. 2009) (citing *Stone v. Powell*, 428 U.S. 465 (1976)). Here, the record makes clear that Petitioner had the opportunity to fully and fairly argue the very issues he raises before this Court in a hearing before the state trial court and that he was able to appeal the trial court's ruling to the Minnesota Supreme Court. *See Harvey*, 932 N.W.2d at 801-05 (describing suppression motion and subsequent analysis on appeal). Accordingly, Petitioner is not entitled to habeas relief on this claim.

Petitioner next argues that his trial counsel was ineffective, in violation of Petitioner's Sixth and Fourteenth Amendment rights, because trial counsel failed to suppress the phone evidence and obtain dismissal of the indictment. To prevail on this claim, Petitioner must show that "counsel's performance was both deficient and prejudicial." *Arnold v. Dormire*, 675 F.3d 1082, 1085 (8th Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). This means that "counsel's performance must have fallen below 'an objective standard of reasonableness,' and as a consequence [Petitioner] must have been deprived of a fair trial." *Id*. at 1085-86 (quoting *Strickland*, 466 U.S. at 687-88). On direct appeal, the Minnesota Supreme Court rejected this claim, holding that Petitioner was not entitled to any relief because the Supreme Court had "addressed and rejected the warrant issue on its merits." *Harvey*, 932 N.W.2d at 818.

Petitioner is not entitled to relief. The Minnesota Supreme Court properly applied the law, as it relied on caselaw that cited to the *Strickland* standard. *Id*. at 817 (citing *Hannon v. State*, 752 N.W.2d 518, 522 (Minn. 2008)). And its decision was not based on an unreasonable application of the facts. The Minnesota Supreme Court correctly observed

that because it had addressed the admissibility of the phone evidence and concluded that it had been properly admitted, Petitioner had failed to show trial counsel's performance was deficient. *Id.* at 818. It is well established that when a party argues that counsel was ineffective for failing to raise a claim or failing to argue more effectively the claim, that party cannot satisfy either prong of the *Strickland* test if the claim has been, or would have been, rejected on the merits.[3] *Hampton v. United States*, 53 F.3d 335 (Table) (8th Cir. 1995). Petitioner's second claim for relief fails as a result.

Finally, Petitioner argues that the State committed prosecutorial misconduct by presenting "illegal, inadmissible, and prejudicial evidence," and that trial counsel was ineffective for failing to object to prosecutor's misconduct in using that evidence. He claims that his Sixth and Fourteenth Amendment rights were violated as a result. Though, Petitioner does not identify what evidence he is referring to in his Petition, it appears, based on a document attached to his Petition, that he is referring to both the phone evidence and the GAR drive-test evidence. (ECF No. 1-1, p. 4-7).

For Petitioner's argument to succeed, he must first establish that each piece of evidence was inadmissible. *Sweet v. Delo*, 125 F.3d 1144, 1154 (8th Cir. 1997). He cannot do so regarding the phone evidence. The state trial court concluded that evidence was admissible. The Minnesota Supreme Court affirmed the trial court. *Harvey*, 932 N.W.2d at 801-05. This Court has now concluded that Petitioner is not entitled to habeas relief on that issue. Because the phone evidence was admissible and the prosecutor's use of that evidence

---

[3] Even if this were not the case, Petitioner has not identified with any specificity how counsel should have litigated this matter.

6

did not violate Petitioner's Fourteenth Amendment rights, Petitioner's trial counsel's failure to object to the prosecutor's use of that evidence did not violate Petitioner's Sixth Amendment rights.

Petitioner's argument regarding the GAR drive-test evidence fails for similar reasons. Unlike the phone evidence, Petitioner does not claim that the admission of this evidence violated his constitutional rights. Instead, he appears to argue that its admission violated Minnesota Rule of Evidence 702. The Court cannot consider issues of state law in a habeas proceeding. *Sweet*, 125 F.3d at 1154. Accordingly, the Court cannot consider whether the prosecutor committed misconduct (or whether trial counsel was ineffective for failing to object to the prosecutor's conduct) because doing so would require the Court to determine whether the evidence was admissible under Minnesota law. *Id*. As a result, habeas relief is unavailable to Petitioner on this issue.

Furthermore, to the extent Petitioner is simply arguing that the admission of GAR drive-test evidence violated his due process rights, that argument must also fail. When considering whether a state court's admission of evidence or a prosecutor's reliance on that evidence violated the petitioner's due process rights, courts look to whether "the admission of the evidence was so egregiously improper as to deny the petitioner a fair trial." *Id*. n. 15. In this case, Petitioner does not explain how the admission of the drive-test evidence was improper. He instead appears simply to presume its admission was improper for purposes of arguing his prosecutorial misconduct and ineffective assistance of counsel claims. Thus, Petitioner has failed to establish the admission of this evidence violated his due process rights.

Even if Petitioner had attempted to show how the evidence was inadmissible, he would not be entitled to relief. A person claiming that the admission of evidence violated the person's due process rights must show more than error; he or she must show that there is a reasonable probability that the error complained of would have affected the outcome of the trial. *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). This requires the Court to consider the context in which the error occurred by assessing the frequency and pervasiveness of the alleged misconduct and the weight of the evidence supporting guilt. *Id*. The Minnesota Supreme Court properly considered this issue, as it explained that the admission of the GAR drive-test evidence could not have affected the verdict, as it was largely cumulative to the properly admitted phone evidence. *Harvey*, 932 N.W.2d at 810, 818. The Minnesota Supreme Court's determination on this issue was not an unreasonable application of the facts in light of the evidence presented, as testimony at trial established that the majority of the evidence that showed Petitioner's location during the shooting came from the CSLI and not the drive test data. *Id*. at 810. For this reason as well, Petitioner cannot show that the prosecutor committed misconduct in relying on the GAR drive-test evidence or that his trial counsel was ineffective for failing to object to the prosecutor's conduct. The Court therefore recommends the Petition be denied in its entirety.

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing § 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Federal district courts may not grant a certificate of appealability unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To meet this standard, the petitioner must show "that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). For purposes of appeal under 28 U.S.C. § 2253, this Court concludes that it is unlikely that reasonable jurists would find the question of whether to dismiss Petitioner's petition debatable, or that some other court would decide this petition differently. This Court therefore recommends that a certificate of appealability not issue.

In addition, this Court recommends that no evidentiary hearing be held. The dispute can be resolved on the basis of the record and legal arguments submitted by the parties. *See Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983).

## IV.    RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1), be **DENIED** and **DISMISSED WITH PREJUDICE**.

2. A certificate of appealability not issue.


Date:  June 12, 2020                                           *s/ Tony N. Leung*
                                                               Tony N. Leung
                                                               United States Magistrate Judge
                                                               District of Minnesota

                                                               *Harvey v. Minnesota*
                                                               Case No. 19-cv-3194 (PAM/TNL)

## <u>NOTICE</u>

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).