UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nigeria Lee Harvey,                                          Civ. No. 19-3194 (PAM/TNL)

          Petitioner,

v.                                                                              **ORDER**

State of Minnesota,

          Respondent.

---

This matter comes before the Court on the Report and Recommendation (R&R) of United States Magistrate Judge Tony N. Leung dated June 12, 2020. The R&R recommends that Petitioner Nigeria Lee Harvey's petition for habeas corpus relief be denied. Harvey filed timely objections to the R&R.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **ADOPTS** the R&R. (Docket No. 19.)

Harvey asserts that, Kimmelman v. Morrison, 477 U.S. 365 (1986), overruled Stone v. Powell, 428 U.S. 465 (1976), thus eroding the legal basis for the R&R's recommendation as to his first claim for habeas relief—that Harvey had a full and fair opportunity to litigate his Fourth Amendment claim in state court. Harvey's argument is misplaced. Kimmelman did not overrule Stone's restriction on federal habeas review of Fourth Amendment claims in federal court, but instead declined to extend that restriction to Sixth Amendment ineffective-assistance-of-counsel claims founded on improper handling of Fourth Amendment claims. Kimmelman, 477 U.S. at 382–83. While interrelated, the Fourth and

Sixth Amendment claims remain distinct. Id. at 374. Harvey cannot relitigate his Stone-barred Fourth Amendment challenges by piggybacking them onto Sixth Amendment claims. The R&R correctly concluded that Harvey had ample opportunity to litigate his Fourth Amendment claim in state court and this claim for relief must be denied.

Next, the R&R concluded that Harvey is not entitled to relief on his ineffective-assistance-of-trial-counsel or prosecutorial-misconduct claims, claims that are two sides of the same coin. Harvey asserts that his lawyer was ineffective in failing to challenge the collection of cell location data on the ground that a court order authorizing such collection does not satisfy the Fourth Amendment warrant requirement. He further asserts that the prosecutor committed misconduct in using this supposed illegal evidence. But Harvey's claims lack merit and were squarely addressed by the Minnesota Supreme Court. State of Minnesota v. Harvey, 932 N.W.2d 792, 805 (Minn. 2019). The court order authorizing collection of Harvey's cell location data "contained a probable-cause determination," id., thus satisfying the requirements of Carpenter v. United States, 138 S. Ct. 2206 (2018). A claim that would have been rejected on the merits cannot satisfy the tests for ineffective assistance of counsel as set forth in Strickland v. Washington, 466 U.S. 668 (1984). Hampton v. United States, 53 F.3d 335 (8th Cir. 1995) (table). Accordingly, as the R&R concluded, Harvey is not entitled to habeas relief on these claims.

Finally, the R&R correctly found that a Certificate of Appealability should not issue, because reasonable jurists cannot differ as to whether Harvey is entitled to relief. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (noting standard for Certificate of Appealability). A Certificate of Appealability is therefore denied.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 19) is **ADOPTED**;

2. Harvey's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Docket No. 1) is **DENIED**; and

3. No Certificate of Appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 10, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge

3